AO 472 (Rev. 3/86) Order of Detention Pending Trial
========================================================================

## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | **Mag. No. 07-65-C** |
| ) | |
| **CHARLES SMALL, JR.,** ) | |
|     **Defendant** ) | |

### ORDER OF DETENTION PENDING TRIAL

      In accordance with the Bail Reform Act, 18 U.S.C., Section 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

[ ]    (1)    The defendant is charged with an offense described in 18 U.S.C. Section 3142(f)(1) and has been convicted of a (federal offense)(state of local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

        [ ] a crime of violence as defined in 18 U.S.C. Section 3156(a)(4).
        [ ] an offense for which the maximum sentence is life imprisonment or death.
        [ ] an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____.
        [ ] a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. Section 3142(f)(1)(A)-(C), or comparable state or local offenses.

[ ]    (2)    The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

[ ]    (3)    A period of not more than five years has elapsed since the (date of conviction)(release of the defendant from imprisonment) for the offense described in finding (1).

[ ]    (4)    Findings Nos. (1)(2) and (3) establish a rebuttable presumption that no condition or combination or combinations of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternate Findings (A)**

[ ]  (1)  There is probable cause to believe that the defendant has committed an offense
   [ ]  for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.
   [ ]  under 18 U.S.C. Section 924(c).

[ ]  (2)  The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternate Findings (B)**

[X]  (1)  There is a serious risk that the defendant will not appear.
[X]  (2)  There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II - Written Statement of Reasons for Detention

The defendant has been charged by complaint with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  Although a single predicate felony conviction is alleged in the complaint, the prosecutor pointed out at the outset of the detention hearing that, according to the pretrial services report, the defendant has been convicted of eight felonies, including at least three crimes of violence, and indicated that the government will now seek to prosecute him as an armed career criminal exposed to a mandatory minimum prison sentence of 15 years.  The government seeks the detention of the defendant as a risk of flight and a danger to the community.

The defendant is 40 years old and has lived in southern Maine his whole life.  He presently resides with his mother, step-father and son (of whom he has sole custody) in his mother's residence in Gray, Maine.  His father died in 2006.  His four surviving half-siblings all reside in Maine.

The defendant has been disabled for several years, having been last employed in 2000 at which time he suffered a work-related injury to his neck.  He receives social security disability income for himself and social security benefits on behalf of his son.  He has been diagnosed with bipolar and manic depressive disorder for which he has been prescribed medication.  He has never sought formal mental health treatment and has acknowledged to the interviewing pretrial services officer that he has not been taking his prescribed medication in recent months.  Although acknowledging teenage experimentation with marijuana and a one-time use of cocaine, he denies any other use of illegal drugs in his adult life.  He also acknowledges prior alcohol abuse for which he has never received treatment, but states that he stopped drinking in 1989 with a single relapse in 1993 that resulted in an OUI charge.

The defendant has a lengthy and troubling adult criminal history that includes convictions for aggravated criminal mischief, assault (2 convictions), criminal threatening, escape (2 convictions), theft (4 convictions), criminal trespass, burglary (2 convictions) and obstructing public ways.  He also has a prior conviction for being a felon in possession (April 1998).  Evidence introduced at hearing revealed that on at least two other occasions the defendant had

contact with law enforcement authorities in circumstances where it was apparent he was, as a convicted felon, in possession of firearms but he was not charged with any weapons possession violations in those instances. He has been placed on probation six times; on each occasion his probation has been revoked for violating conditions of probation which included, among other things, a prohibition against the possession of firearms.

The evidence against the defendant is strong. There is substantial circumstantial evidence that on November 21, 2007 the defendant and his 10 year-old son were hunting with firearms and, thus, in actual possession of same. There is substantial direct evidence that the defendant on that date was at least in constructive possession of firearms.

Highly relevant to the risk-of-non-appearance and community-dangerousness issues is the hearing testimony of Maine game wardens Jeremy Judd and John MacDonald that, when arrested and handcuffed and thereafter, the defendant was belligerent and threatening and that he attempted to free himself of the handcuffs in an apparent attempt to escape.[1] This testimony, coupled with the defendant's criminal history, including convictions for assault, burglary, escape and felony firearms possession, his untreated and un-medicated mental illness, and the mandatory minimum 15-year sentence he likely faces, makes clear that the defendant poses a serious risk of non-appearance and a danger to the community.

Thus, on the basis of the foregoing, I find by a preponderance of the evidence that the defendant poses a serious risk of non-appearance and that there are no available conditions of release that will reasonably assure his appearance as required. I also find, by clear and convincing evidence, that the defendant poses a serious risk of danger to the safety of the community if released and that there are no conditions of release that will reasonably assure community safety. I therefore ***ORDER*** that the defendant be detained pending trial.

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extend possible, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated: January 3, 2008

---

[1] In making this attempted-escape finding, I am mindful of the defendant's suggestion, conveyed not through testimony but through his counsel's questions, that all he was attempting to do was move his handcuffed hands from behind him to his front in order that he might be relieved of the discomfort he claims he was experiencing by being cuffed with his hands behind his back. I credit the testimony of warden Judd that, once placed in warden Hare's car, the defendant managed to get his seat belt off and attempted to remove his cuffs as well, all in an apparent attempt to escape.

/s/ David M. Cohen
David M. Cohen
U.S. Magistrate Judge